```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


TERRY M. GRIFFIN                              CIVIL ACTION

VERSUS                                        NUMBER: 05-6088

LAFOURCHE PARISH SCHOOL BOARD,                SECTION: "A"(5)
ET AL.
```

### REPORT AND RECOMMENDATION

On November 25, 2005, Terry M. Griffin, plaintiff herein, through counsel, filed the above-captioned complaint for alleged employment discrimination against defendants, the Lafourche Parish School Board, Jo Ann Matthews, and Ernest Reed. (Rec. doc. 1). At that time, three summonses were issued and were forwarded to plaintiff's counsel for the purpose of effecting service on the named defendants in the manner prescribed by Rule 4, Fed.R.Civ.P. (Rec. doc. 2).

In accordance with Local Rule 16.2E, after over four months had passed and a review of the record revealed that no service returns or waivers of service had been filed therein indicating that service had been made on the named defendants, the Court

ordered plaintiff to show cause, in writing and on or before May 17, 2006, as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 3). Unfortunately, despite the passing of the latter date, a review of the record does not reveal that any further action has been taken in this case and the Court has received no response to the show cause order.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by the Rule 4(m) and its predecessor. See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been nearly six months since this lawsuit was filed and proof of service on the named defendants is lacking. By scheduling the rule to show cause, the Court hoped to bring this

deficiency to the attention of plaintiff's counsel and to impress upon him the need to prosecute his case.  Unfortunately, despite having been ordered to show cause for failing to effect service, no further action has been taken in the case.  As plaintiff is represented by counsel, these failures are attributable to counsel alone.  Accordingly, it will be recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  24th  day of _____May_____,
2006.

_____
UNITED STATES MAGISTRATE JUDGE